IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY SCHROPPEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2123-X-BN |
| | § | |
| VANDERBILT MORTGAGE & FINANCE, INC., | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jeremy Schroppel filed a *pro se* complaint against Defendant Vanderbilt Mortgage & Finance, Inc. (Vanderbilt or VMF), asserting claims under Texas law and several federal statutes. *See* Dkt. No. 4.

Schroppel also moved for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 5. So United States District Judge Brantley Starr referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Schroppel leave to proceed IFP, subjecting his claims to screening under 28 U.S.C. § 1915(e)(2). *See* Dkt. No. 7. As allowed, *see id.*, Schroppel filed an amended complaint, asserting claims under the Fair Debt Collection Practices Act (FDCPA) and the Texas Debt Collection Practices Act (TDCPA). *See* Dkt. No. 8. And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the amended complaint.

**Legal Standards**

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). Accordingly, the pleading requirements set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

But, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal under Section 1915(e)(2)(B)(ii), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

## Analysis

Schroppel's claims relate to a "chattel mortgage" that he "secured" in 2019 "through VMF for a manufactured home" located in Waxahachie, Texas. Dkt. No. 8 at 3. Consistent with this allegation, attached to the amended complaint is correspondence to Schroppel from Vanderbilt advising Schroppel "that the current

owner of this loan is Vanderbilt Mortgage and Finance." *Id.* at 15; *see id.* at 33-39 (mortgage statements from Vanderbilt); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)); *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) ("When 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))))).

Starting with the federal statute, Schroppel alleges that, as a debt collector, Vanderbilt violated two provisions of the FDCPA, Sections 1692c(c) and 1692e(10). *See* Dkt. No. 8 at 5-6.

But, to plead (and ultimately prevail) "on [any] FDCPA claim, [Schroppel] must [plausibly allege] the following: (1) [he] has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Vazzano v. Receivable Mgmt. Servs.*, 621 F. Supp. 3d 700, 711 n.18 (N.D. Tex. 2022) (citation omitted).

Schroppel fails to plausibly allege the second required element for all FDCPA claims: that the defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

Because the allegations of the complaint and the attachments to it reflect that Vanderbilt owns the mortgage/loan at issue. *See Montgomery v. Wells Fargo Bank, N.A.*, 459 F. App'x 424, 428 n.1 (5th Cir. 2012) (per curiam) (The "FDCPA claim fails because mortgage lenders are not 'debt collectors' within the meaning of the FDCPA." (citing *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 F. App'x 523 (5th Cir. 2008))).

So the FDCPA claims are not plausibly alleged and should be dismissed.

Turning to the Texas statute, it differs from its federal counterpart to the extent that "[t]he TDCPA defines a 'debt collector' as 'a person who directly or indirectly engages in debt collection'" and "encompasses a creditor collecting its own debts as well as a third-party debt-collector." *Welch v. Wells Fargo Bank*, Civ. A. No. H-12-1468, 2012 WL 13047695, at *4 (N.D. Tex. Dec. 17, 2012) (quoting TEX. FIN. CODE § 392.001(6), then citing TEX. FIN. CODE §§ 392.001(3), (5)-(7)).

But, even if Schroppel has alleged that Vanderbilt qualifies as a "debt collector" under the TDCPA, he has not alleged a plausible violation of that statute.

Schroppel asserts that Vanderbilt violated the TDCPA "by claiming to be the current owner of this 'loan.'" Dkt. No. 8 at 6 (citing TEX. FIN. CODE § 392.304(a)(4)). He also asserts that Vanderbilt "violated Tex. Fin. Code Ann. § 392.304(a)(19)." *Id.* at 7 (cleaned up).

Under the first provision Schroppel invokes, "[a] debt collector violates the TDCPA if it fails 'to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand

for money.'" *Spinoso v. PHH Mortg. Corp.*, Civ. A. H-19-3931, 2020 WL 4043052, at *5 (S.D. Tex. July 17, 2020) (quoting TEX. FIN. CODE ANN. § 392.304(a)(4)). While "Section 392.304(a)(19) is a 'catch-all' provision, which prohibits a debt collector from 'using any ... false representation or deceptive means to collect a debt or obtain information concerning a consumer.'" *Id.* (quoting *Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 276 (5th Cir. 2014) (per curiam)).

Schroppel's assertion that Vanderbilt is not the owner of the loan may be based on a vague allegation in the complaint that, "[u]pon information and belief, Plaintiff is made aware through public SEC filings that VMF is a securitizer of asset-backed mortgage notes for Ginnie Mae. Therefore, it is possible Defendant may not own the original note nor have standing to collect." Dkt. No. 8 at 4. But this speculation is contrary to exhibits attached to the complaint and otherwise fails to plausibly allege a violation of Section 392.304(a)(4).

As to violation of the catch-all provision, Schroppel fails to provide factual content to show which, if any, assertions that Vanderbilt made to collect a debt or obtain information from him were false or deceptive. *See, e.g.*, *Garcia*, 569 F. App'x at 277 ("[T]he district court determined that the Garcias' reliance on Section 392.304(a)(19) of the TDCPA failed because they did not allege facts to support their allegation that the Jenkins Defendants used 'false representations' or 'deceptive means' in their collection efforts. The Garcias take issue with this finding, arguing that their reference to the different amounts requested in the first and second letter was a fact that qualifies as false or deceptive. We agree with the district court that

this factual allegation alone does not constitute deception. The Garcias do not, for instance, allege that the amount requested by the Jenkins Defendants in their collection letter was false." (citation omitted)).

So the TDCPA claims are also not plausibly alleged. And the amended complaint, in its entirety, should be dismissed for Schroppel's failure to state a claim on which relief may be granted.

### Leave to Amend

The time to file objections to this recommendation (further explained below) allows Schroppel an opportunity to cure the deficiencies identified above (that is, to provide enough facts to plausibly allege a claim asserted) and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant Schroppel leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

If Schroppel fails to show that further leave to amend should be granted, the Court should dismiss this case with prejudice.

### Recommendation

The Court should dismiss this action with prejudice unless, within the time to

file objections, Plaintiff Jeremy Schroppel satisfactorily shows a basis to further amend the complaint, to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 18, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE