IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY SCHROPPEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2123-X-BN |
| | § | |
| VANDERBILT MORTGAGE & FINANCE, INC., | § § | |
| | § | |
| Defendant. | § | |

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

United States District Judge Brantley Starr referred this case filed by a plaintiff proceeding *pro se* to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

As allowed by an order of the Court, *see* Dkt. No. 7, Plaintiff Jeremy Schroppel, also proceeding *in forma pauperis*, filed a first amended complaint against Defendant Vanderbilt Mortgage & Finance, Inc. (VMF), asserting claims under the Fair Debt Collection Practices Act (FDCPA) and the Texas Debt Collection Practices Act (TDCPA) [Dkt. 8] (the FAC).

And the undersigned entered findings of fact and conclusions of law on October 18, 2023 recommending that the Court dismiss the FDCPA and TDCPA claims with prejudice unless Schroppel demonstrated a basis for leave to amend [Dkt. No. 9] (the FCR).

On October 30, 2023, prior to the deadline to file objections to the FCR, *see* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b), Schroppel filed a Second Amended Complaint

[Dkt. No. 10] (the SAC).

Through the SAC, Schroppel abandons his FDCPA and TDCPA claims and shifts his theory of liability against VMF to the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, alleging that VMF – through which Schroppel "secured a chattel mortgage … for a manufactured home," Dkt. No. 10 at 3 – failed to make disclosures, in violation of 15 U.S.C. § 1632(a), and concealed his right to rescind, in violation of 15 U.S.C. § 1635(a), *see* Dkt. No. 10 at 5-6.

In deference to his *pro se* status, the undersigned finds that Schroppel first amended his claims to comply with a court order. Consequently, the FAC was not made "as a matter of course." FED. R. CIV. P. 15(a)(1); *see Renasant Bank, Inc. v. Smithgall*, No. 1:15-CV-459-WSD, 2016 WL 164311, at *2 (N.D. Ga. Jan. 13, 2016) ("Because the First Amended Complaint was not filed by the Plaintiff as 'a matter of course' but upon the Order of the Court, the Court holds that Plaintiff's court-ordered First Amended Complaint did not qualify as Plaintiff's amendment allowed as a matter of course under Fed. R. Civ. P. 15.").

So the SAC counts as Schroppel's one amended complaint as a matter of course.

And Schroppel is free to change his theory of liability at such an early stage of this proceeding.

But "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citation omitted). The SAC fails to refer to or adopt or

incorporate by reference the FAC (or reassert causes of action made in the FAC). Consequently, the FCR – recommending that the claims in the FAC be dismissed – must be WITHDRAWN.

And authority may support that residential mortgage transactions, applicable to a consumer's dwelling (which may be a mobile home), are exempt from the TILA claims that Schroppel appears to assert. *See* 15 U.S.C. §§ 1635(e)(1) & 1602(w), (x); *Mason v. Freemont Inv. & Loan*, No. 3:17-cv-877-B-BN, 2017 WL 4512486 (N.D. Tex. July 26, 2017), *appeal dismissed as frivolous sub nom. Mason v. Ocwen Loan Servicing, L.L.C.*, 740 F. App'x 451 (5th Cir. 2018) (per curiam).

But the undersigned cannot conclude on the record before the Court that, through the SAC, Schroppel has failed to state a claim on which relief may be granted such that dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is appropriate at this time.

Accordingly, once the FCR is withdrawn, the Court will enter further orders concerning service of the SAC.

SO ORDERED.

DATED: November 2, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE