IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY SCHROPPEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2123-X-BN |
| | § | |
| VANDERBILT MORTGAGE & | § | (Consolidated with: |
| FINANCE, INC., | § | No. 3:23-cv-2552-X) |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeremy Schroppel filed a lawsuit in this Court *pro se*, in which he was granted leave to proceed *in forma pauperis* and in which he amended his claims against Defendant Vanderbilt Mortgage & Finance, Inc. ("VMF"). *See* Dkt. Nos. 7 & 10. After that amendment, the Court ordered that the second amended complaint be served. *See* Dkt. Nos. 11-16.

VMF subsequently removed to federal court a separate lawsuit that Schroppel filed in state court based on facts common to the case filed in federal court. *See generally* No. 3:23-cv-2552-X (N.D. Tex.).

The two suits were consolidated under Federal Rule of Civil Procedure 42 and Northern District of Texas Local Civil Rule 42.1, and United States District Judge Brantley Starr referred the consolidated action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 17.

Schroppel was then allowed leave to file a third amended complaint to ensure that all his claims against VMF were before the Court in a single pleading. *See* Dkt.

Nos. 18 & 19. And VMF moved to dismiss the third amended complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 26 & 27.

On December 29, 2023, the Court entered an order allowing Schroppel until January 29, 2024 to file a written response to the motion to dismiss. *See* Dkt. No. 29.

He instead filed a response the next day. *See* Dkt. No. 31. He also filed a motion requesting that the Court sanction VMF for filing a frivolous motion to dismiss based on an apparent belief that the Court's pre-service screening of a lawsuit under 28 U.S.C. § 1915(e)(2) prevents the filing of a motion to dismiss. *See* Dkt. No. 32. Schroppel then moved to amend his sanctions motion. *See* Dkt. No. 33. And the Court denied the amended motion for sanctions. *See* Dkt. No. 34.

After VMF filed a reply in support of the motion to dismiss, *see* Dkt. No. 35, Schroppel moved for summary judgment on his claims, *see* Dkt. Nos. 39 & 40. VMF responded. *See* Dkt. Nos. 41 & 42. And Schroppel replied. *See* Dkt. No. 44.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should deny Schroppel's motion for summary judgment, grant VMF's motion to dismiss, and dismiss this lawsuit with prejudice.

**Applicable Legal Standards**

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see also Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged

– but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

As these cases reflect, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would '"transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."' *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint.

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it

into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

And, where "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10

(N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

Through the third amended complaint, Schroppel alleges that, on October 31, 2019, he "secured a chattel mortgage/personal property 'loan' through VMF for a 'manufactured home'"; that VMF violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") by failing to make disclosures, in violation of 15 U.S.C. § 1632(a), by concealing his right to rescind, in violation of 15 U.S.C. § 1635(a), and by failing to perform upon receipt of his notice of recission, in violation of 15 U.S.C. § 1635(b); and that, by violating these provisions of TILA, VMF also violated Texas Finance Code § 347.004(a). Dkt. No. 19.

Schroppel filed a response to the motion to dismiss, arguing that it should be denied because the undersigned previously concluded that the third amended complaint survived judicial screening. *See* Dkt. No. 31.

But, as the Court explained in denying his motion for sanctions, "[t]he Court's determination that the operative complaint states a colorable claim for purposes of initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any defendant

from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12." Dkt. No. 34 at 3 (cleaned up; quoting *Young v. Exeter Fin. Corp.*, No. 3:19-cv-00363, 2019 WL 13203945, at *1 (M.D. Tenn. May 23, 2019)).

And, because Schroppel responded to the motion to dismiss, his failure to address the grounds for dismissal in that response may implicate "[t]his circuit's well-settled precedent instruct[ing] that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) (citations omitted)

As *McClelland* explains, abandonment is limited to a party's failure to defend a claim while responding to the pleading seeking the claim's dismissal. And, as in *McClelland*, in other published Fifth Circuit decisions "supporting a district court's authority for finding claims or theories abandoned, the nonmoving party filed a response to the motion." *Wesner as Tr. of Charles Wesner, Jr. Living Tr. v. Southall*, No. 3:22-cv-927-B, 2023 WL 5962648, at *4 (N.D. Tex. Aug. 21, 2023) (citing *McClelland*, 63 F.4th at 1010; *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022); *In re Dall. Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017); *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)), *rec. accepted*, 2023 WL 5961655 (N.D. Tex. Sept. 12, 2023).

"But, when a nonmoving party does not file any response to a motion to dismiss, the Court cannot properly grant 'the motion to dismiss for failure to state a claim solely because the [nonmoving party] failed to oppose the motion.'" *Id.* (quoting *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (per curiam)).

So, to trigger abandonment as a basis for dismissal, "the nonmovant must – at least by affirmatively filing a response – take some action to be considered to have abandoned a claim, theory, or defense"; otherwise, "a district court would be improperly dismissing [claims] with prejudice without the findings or factual support required under either Rule 12 or Federal Rule of Civil Procedure 41(b) for such a dismissal." *Id.* (citations omitted).

Here, Schroppel's "non-response" response to the motion to dismiss may trigger abandonment. But the undersigned also "finds merit in the arguments presented by [VMF] in its [motion to dismiss]" and therefore will address the legal sufficiency of the third amended complaint. *Hovde v. Penhall Co.*, No. 3:23-cv-1021-K, 2023 WL 8791184, at *1 (N.D. Tex. Dec. 19, 2023).

Schroppel's failure to allege which specific disclosures by VMF (if any) were inaccurate or misleading or which information VMF should have disclosed (but did not) precludes a claim under Section 1632(a). *See Val-Com Acquisitions Tr. v. Bank of Am., N.A.*, No. 3:10-cv-1965-M, 2011 WL 2312284, at *3 (N.D. Tex. June 9, 2011) ("Even if Plaintiffs were granted relief from the statute of limitations, the Plaintiffs' claims fail under Rule 8. Plaintiffs do not state a single fact in their Amended Complaint about what TILA disclosures were not made by AWL, BOA, or BAC, or through what actions procedures were violated."); *Mims v. Capital One Auto Fin.*, No. 3:23-cv-1567-S-BN, 2024 WL 758928, at *7 (N.D. Tex. Jan. 25, 2024) ("Starting with the TILA claims, Mims alleges specific violations of Sections 1605 and 1611 and generally that Defendants '[f]ailed to provide all required TILA disclosures and

accurately disclose finance change, preventing me from making an informed decision.' [But s]uch general allegations fail to 'allege any facts stating which disclosure requirements [Defendants] violated, or when, or how the violations occurred,' and a 'conclusory statement, devoid of any factual allegations, is insufficient to support a claim or survive a motion to dismiss.'" (quoting *Walker v. U.S. Bank*, No. 3:21-cv-758-L, 2021 WL 5701498, at *3 (N.D. Tex. Nov. 1, 2021), *rec. accepted*, 2021 WL 5630922 (N.D. Tex. Nov. 30, 2021))), *rec. accepted*, 2024 WL 758536 (N.D. Tex. Feb. 2, 2024).

Schroppel also has not alleged a claim under Sections 1635(a) and 1635(b) because residential mortgage transactions, applicable to a consumer's dwelling (which may be a mobile home), are exempt from TILA's statutory right to rescind. *See* 15 U.S.C. §§ 1635(e)(1) & 1602(w), (x); *Mason v. Freemont Inv. & Loan*, No. 3:17-cv-877-B-BN, 2017 WL 4512486 (N.D. Tex. July 26, 2017), *appeal dismissed as frivolous sub nom. Mason v. Ocwen Loan Servicing, L.L.C.*, 740 F. App'x 451 (5th Cir. 2018) (per curiam).

And, because Schroppel has not alleged a TILA violation, his Section 374.004(a) claim fails.

And all the reasons reflecting that Schroppel's allegations are deficient show that he cannot prevail on a motion for summary judgment in his favor, which requires that he "establish beyond peradventure all of the essential elements of [each claim]." *Hughes v. Dillard, Inc.*, No. 3:09-cv-218-D, 2009 WL 4279414, at *3 (N.D. Tex. Nov. 30, 2009) (cleaned up; quoting *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting, in turn, 780 F.2d at 1194)).

The Court should therefore deny Schroppel's motion for summary judgment, grant VMF's motion to dismiss the third amended complaint, and dismiss this lawsuit with prejudice. *See Xia v. Lina T. Ramey & Assocs.*, No. 3:21-cv-3072-L-BN, 2023 WL 3451292, at *5 (N.D. Tex. Jan. 20, 2023) ("Xia's failure to substantively respond to the motion to dismiss further supports the dismissal of this lawsuit with prejudice at this juncture." (citing *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)))), *rec. accepted*, 2023 WL 2967422 (N.D. Tex. Apr. 17, 2023) (denying leave to amend), *aff'd*, 2024 WL 701533 (5th Cir. Feb. 21, 2024).

**Recommendation**

The Court should deny Plaintiff Jeremy Schroppel's motion for summary judgment in his favor [Dkt. No. 39], grant Defendant Vanderbilt Mortgage & Finance, Inc.'s motion to dismiss the third amended complaint [Dkt. No. 26], and dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 8, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE