UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY SCHROPPEL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2123-X-BN |
| | § | |
| VANDERBILT MORTGAGE & | § | (Consolidated with: |
| FINANCE, INC., | § | No. 3:23-CV-2552-X) |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jeremy Schroppel's motion for a "new trial." (Doc. 48). Schroppel failed to file objections after the magistrate judge entered his findings, conclusions, and recommendation. The Court then accepted the findings, conclusions, and recommendation and entered judgment in favor of Defendant Vanderbilt Mortgage & Finance, Inc. Fewer than twenty-eight days later, Schroppel filed this motion for a "new trial." (Doc. 48). The Court **DENIES** the motion.

Where a litigant requests that a district court reexamine a prior ruling that adjudicates all the claims among all the parties, such a motion filed "within twenty-eight days after the entry of the judgment . . . is treated as though it was filed under [Federal Rule of Civil Procedure] 59."[1] Schroppel's post-judgment motion should be construed as moving for relief under Rule 59(e).

---

[1] *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam).

1

Rule 59(e) "is an extraordinary remedy that should be used sparingly."[2] And a litigant "improperly invokes Rule 59(e) to rehash matters that have been thoroughly considered and rejected by the court."[3] Schroppel fails to show a basis for this remedy. Controlling law has not changed since the Court entered judgment; he presents no newly discovered evidence that could question the correctness of the judgment; nor does he show that the Court needs to correct a manifest error of law or fact.[4]

And that Schroppel failed to file objections to the findings, conclusions, and recommendation further supports denial of the post-judgment relief that he now seeks. That is because "[a] litigant cannot use a Rule 59(e) motion to present arguments or evidence that could have been presented prior to the entry of judgment"—for example, through objections to the findings, conclusions, and recommendation.[5]

**IT IS SO ORDERED** this 6th day of February, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (cleaned up).

[3] *Wardlow v. United States*, No. 4:04-CV-408, 2017 WL 4868229, at *5 (E.D. Tex. Oct. 26, 2017).

[4] *See Rollins*, 8 F.4th at 396.

[5] *Greene v. Ala. Dep't of Pub. Health*, 715 F. App'x 916, 919 (11th Cir. 2017) (per curiam) (unpublished) (citing *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010)) (noting that the Greene failed to raise objections to a Report and Recommendation within the fourteen-day window and that failure made him "ineligible for relief under Rule 59(e)").